**Sean C. Chapman**
**Law Offices of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant *Canales*
Seanchapmanlaw@yahoo.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 11-3747-TUC-RCC (DTF) |
|---|---|
| Plaintiff, | ) **SENTENCING MEMORANDUM** |
| v. | ) |
| ABEL CANALES, | ) |
| Defendant. | ) |

It is expected that excludable delay under Title 18, United States Code, §3161(h)(1)(F) will occur as a result of this motion or an order based thereon.

The Defendant, Abel Canales, through undersigned counsel, Sean C. Chapman of THE LAW OFFICES OF SEAN C. CHAPMAN, P.C., hereby submits his Sentencing Memorandum in this matter. For the reasons stated in this motion, defendant requests that the Court sentence him to the minimum sentence available under the plea agreement.

RESPECTFULLY SUBMITTED this 11th day of January, 2013.

LAW OFFICES OF SEAN C. CHAPMAN, P.C.

By:     s/Sean Chapman
        Sean C. Chapman
        Attorney for Defendant Canales

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Facts and Procedural Background**

Abel Canales, a United States Border Patrol Agent, was indicted by a federal grand jury on October 27, 2011. The indictment alleged a conspiracy involving the bribery of a public official and alleged that on October 30, 2008, Mr. Canales committed bribery of a public official by allowing drugs to be passed through the Interstate 19 checkpoint in exchange for money.

At the time of the offense in question, the defendant was working at the Interstate 19 checkpoint near Green Valley, Arizona, inspecting vehicles that passed through for drugs and other contraband. For a significant time prior to the event, Mr. Canales had been pressured by a friend, Juan Valenzuela, to allow drugs to be transported through the checkpoint in exchange for money. Additionally, the defendant's roommate, another agent named Juan Castro, was in a lot of debt and also wanted the defendant to participate in a scheme with him to allow drugs to pass through the checkpoint in exchange for money.[1]

The defendant succumbed to the temptation of "easy money" and allowed what he thought were drugs to be transported through the 19 checkpoint on October 30, 2008.

On August 20, 2012, Mr. Canales entered a written plea agreement to one count of Bribery of a Public Official. The plea agreement has a stipulated sentencing range of 8 to 14 months. The sentencing in this matter is scheduled for January 14, 2013.

II. **Abel Canales**

Abel Canales is 30 years old. His wife and young daughter currently reside in Ensenada, Mexico. Mr. Canales is separated from his wife, but sees his child on a regular basis. He frequently travels to Mexico to visit his daughter, and on other occasions his wife brings his child to the United States to visit.

Mr. Canales has no criminal history. Prior to working with the United States Border Patrol, he served in the United States Army. He enlisted in 2000 and was involved in combat operations in Iraq in 2003. After Mr. Canales' honorable discharge from the Army in 2004, he was soon hired by the United States Border Patrol.

---

[1] Agent Castro was not prosecuted for his criminal behavior, but has since resigned from the Border Patrol.

Mr. Canales is bewildered and humiliated by his decision to engage in criminal conduct in this case. He accepts full responsibility for his behavior and makes no excuses for it. Further, he understands that he will be incarcerated as a result of his crime, and believes that such incarceration is warranted.

Upon release from prison, Mr. Canales would like to obtain full-time employment and play an active role in his young daughter's life.  Mr. Canales' parents own a working cattle ranch in the Tecate, Mexico. The ranch is approximately 200 acres in size. About 200 head of cattle reside on it or near it on land leased by Mr. Canales' father.

Mr. Canlaes aunt and uncle currently reside on the ranch, but are now two elderly to engage in the day to day activities involved in a cattle operation. It is Mr. Canales' hope that the court will allow him to live on this ranch and run its day to day operations upon his release from incarceration.

Additionally, the ranch is only about 40 miles from where Mr. Canales' child lives in Ensenada.  Mr. Canales would therefore have the added benefit of having more frequent contact with his child if the court allows him to live on the ranch in Mexico.

### III. Conclusion

For the foregoing reasons, Mr. Canales requests that the Court sentence him to eight months imprisonment in this matter.  Additionally, he requests that the court permit him to reside on his parent's ranch in Tecate, Mexico while on supervised release.

RESPECTFULLY SUBMITTED this 11rd day of January, 2013.

LAW OFFICES OF SEAN C. CHAPMAN, P.C.

By:  /s/Sean Chapman
Sean C. Chapman

Electronically mailed this 11th day of January, 2013 to:

United States Attorney's Office
ATTN: Eric J. Markovich

United States District Court